UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| SOLANNEX, INC.,<br><br>               Plaintiff,<br>    v.<br><br>MIASOLE, INC.,<br><br>               Defendant. | Case Nos.: C 11-0171 PSG/12-0832PSG<br><br>**ORDER GRANTING QUINN EMANUEL URQUHART & SULLIVAN LLP'S MOTION TO WITHDRAW AS COUNSEL**<br><br>**(Re: Docket No. 46)** |

In this patent infringement suit, Quinn Emanuel Urquhart & Sullivan LLP ("Quinn"), counsel to Defendant MiaSole, Inc. ("MiaSole"), moves to withdraw as counsel. Plaintiff Solannex, Inc. ("Solannex") does not oppose the motion but requests that any withdrawal be subject to certain conditions. On November 13, 2012, the parties appeared for hearing. Having reviewed the papers and considered the arguments of counsel,

IT IS HEREBY ORDERED that Quinn's motion to withdraw is GRANTED.

Quinn seeks to withdraw as counsel to MiaSole due to non-payment of attorneys' fees and costs and a breakdown in the attorney-client relationship. During the past several months, Quinn has rendered certain legal services to MiaSole, including seeking discovery from Solannex, responding to written discovery propounded by Solannex, conducting third-party discovery

1

Case Nos.: C 11-0771 PSG/C 12-0832 PSG
ORDER

(including multiple depositions), and engaging in settlement negotiations. MiaSole has not paid, however, any of the attorneys' fees and costs associated with these legal services. In addition, Quinn represents that there has been such a breakdown in the attorney-client relationship that Quinn can no longer provide effective representation to MiaSole. Quinn also notes that MiaSole should not be prejudiced by its withdrawal at this juncture in the case. Quinn informed MiaSole both orally and in writing that Quinn would seek to withdraw as counsel to MiaSole and from the case.

Solannex does not object to Quinn's withdrawal so long as withdrawal does not cause a further delay in trial. After Solannex requested that MiaSole be ordered to engage new counsel within fifteen days of any order granting Quinn's motion, new counsel for MiaSole from the Mayer Brown firm has entered its appearance.

The local rules in this district require that any attorney permitted to practice in this court be familiar with the standards of professional conduct required of members of the State Bar of California.[1] These standards are contained in the California Rules of Professional Conduct.[2] Pursuant to such rules, an attorney may seek to withdraw if the client renders it unreasonably difficult for the attorney to carry out employment effectively or if the client breaches an obligation to pay expenses or fees.[3] Civ. L.R. 11-5 provides that counsel may not withdraw without a court order.

MiaSole has failed to fully pay attorneys' fees and costs that it has incurred thus far and Quinn describes a legitimate breakdown in the attorney-client relationship. Good cause therefore exists to allow Quinn to withdraw. A further scheduling order will follow.

---

[1] *See* Civ. L.R. 11-4(a).

[2] *See id.* at Commentary.

[3] California Rule of Professional Conduct 3-700(C)(1)(d) and (f).

2
Case Nos.: C 11-0771 PSG/C 12-0832 PSG
ORDER

**IT IS SO ORDERED.**

Dated:   11/13/2012

_____
PAUL S. GREWAL
United States Magistrate Judge

3

Case Nos.: C 11-0771 PSG/C 12-0832 PSG
ORDER