UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| SOLANNEX, INC., a Delaware corporation,<br><br>　　　　　　Plaintiff,<br>　v.<br>MIASOLÉ, INC., a California corporation,<br><br>　　　　　　Defendant. | Case No.: CV 12-00832 PSG<br><br>**ORDER RE JOINT MOTION FOR CLARIFICATION OF PATENT LOCAL RULES REGARDING NUMBER OF TERMS TO BE BRIEFED**<br><br>**(Re: Docket No. 75)** |

In this patent infringement case, Plaintiff Solannex ("Solannex") and Defendant MiaSolé ("MiaSolé") filed a joint motion for clarification of Patent Local Rule 4-3. Specifically, the parties disagree whether the rules limit the number of claim terms that may be briefed.

While Patent Local Rule 4-3 section (c) requires the parties to identify "the terms whose construction will be most significant to the resolution of the case up to a maximum of 10," section (b) states that the parties may brief constructions of "each disputed term." Solannex interprets the two sections as allowing for briefing on only the ten most significant terms, without any waiver of a right to further briefing in the event the court proceeds to construe additional terms. MiaSolé reads the same two sections as allowing for briefing on all disputed terms, significant or not, such

1

Case No.: C 12-00832 PSG
ORDER

that by briefing only the ten most significant terms, a party waives its right to further briefing of any additional terms beyond the most significant.

The court applauds the parties for highlighting an ambiguity in the rules, but observes that resolving the ambiguity ultimately is less important than simply providing the parties with a clear understanding of how many terms it will construe in this second claim construction of the consolidated case. And so here goes. The court will construe no more than the 10 additional terms that the parties have deemed most significant. Any more would impose a glut on the court that would only further delay the efficient resolution of this case. To the extent that after the claim construction ruling there remains a fundamental dispute for the court to resolve regarding the meaning of an outstanding term, the court will permit further briefing so that it may fulfill its duty in accordance with Federal Circuit case law.[1]

In addition, Solannex needs to begin whittling the number of claims it has put at issue. No jury in this case is going to resolve 58 patent claims, and there is no legitimate reason not to begin working now on cutting the number of asserted claims down to something manageable. To that end, no later than 30 days after the claim construction ruling (hopefully at the conclusion of the claim construction hearing) Solannex shall identify the 25 claims with which it will proceed. This itself may not be the final cut, but it is a reasonable start down that road. In advance of the expert reports, the court will entertain a request to further reduce the set of asserted claims.

**IT IS SO ORDERED.**

Dated: February 27, 2013

_____
PAUL S. GREWAL
United States Magistrate Judge

---

[1] *See O2 Micro Int'l Ltd. v. Beyond Innovation Tech. Co.,* 521 F.3d 1351, 1362 (Fed. Cir. 2008), *Finjan, In.c. v. Secure Computing Corp.*, 626 F.3d 1197, 1207 (Fed. Cir. 2007), and *Conoco, Inc. v. Energy & Envt'l, L.C.*, 460 F.3d 1249, 1359 (Fed. Cir. 2006).